IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30529
Summary Calendar
_____

MICHAEL E. HOLOWAY,

Plaintiff-Appellant,

versus

CHARLES TRIOLA; GARY TRIOLA; SCHEUERMANN
& JONES, STEPHEN ARMBRUSTER; LAWRENCE
BLAKE JONES; PATRICIA HEDGES, Judge; JANE TRIOLA,

Defendants-Appellees..

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(97-CV-2216-N)
_____

February 2, 1999

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael E. Holoway appeals the district court's Rule 12(b)(6) dismissal of his section

1983 action, arguing that it lacked any power to rescind a previous order. We affirm.

It is a well established rule of trial procedure that a district court may reconsider and

reverse a previous interlocutory order at its discretion. See Fed. R. Civ. P. 54(b) ("[An order of

the district court] is subject to revision at any time before the entry of judgment adjudicating all

the claims and the rights and liabilities of all the parties."); Bon Air Hotel, Inc. v. Time, Inc., 426

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

F.2d 858, 862 (5th Cir. 1970) ("[B]ecause the [denial of a motion for summary judgment] was interlocutory, 'the court at any time before final decree [could] modify or rescind it.'" (quoting John Simmons Co. v. Grier Bros., 258 U.S. 82, 88, 42 S. Ct. 196, 198, 66 L. Ed. 475 (1922)) (final alteration in original)). The district court's decision to rescind the non-appealable, interim order following a development in Fifth Circuit law was not an abuse of its discretion. See Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 184-85 (5th Cir. 1990) (holding that the district court did not abuse its discretion when it granted a motion for summary judgment after originally denying the motion because of an intervening change in the applicable law). Because Holoway raises no other argument, we need not further consider the merits of the district court's 12(b)(6) dismissal. See Pebble Beach Co. v. Tour 18 I Ltd., 155 F.3d 526, 545 n.11 (5th Cir. 1998) (recognizing that an appellant waives any issue not raised or argued in its initiating appellate brief).

AFFIRMED.